UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HENRY F.,

                Plaintiff,                                  **MEMORANDUM & ORDER**

                -against-                              13-CV-4261 (NGG) (RML)

KRISTIN WOODLICK, R.N., in her official
capacity as Commissioner of the New York State
Office of Mental Health, and SUFFOLK COUNTY,

                Defendants.
-----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are two unopposed motions by Defendants requesting that the court dismiss the instant action for failure to prosecute. Specifically, Defendant Ann Marie T. Sullivan, M.D.,[1] in her official capacity as Acting Commissioner of the New York State Office of Mental Health (the "State Defendant") has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute or to cooperate in discovery. (State Def.'s Not. of Mot. (Dkt. 17).) Defendant Suffolk County (the "County Defendant") also filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 41(b) and 37(d). (Cnty. Def.'s Not. of Mot. (Dkt. 24).) For the reasons set forth below, Defendants' motions are GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE.[2]

I.     BACKGROUND

Plaintiff Henry F. ("Plaintiff") filed his Complaint on July 26, 2013, alleging, inter alia, that Defendants violated the integration mandate of the Americans with Disabilities Act, 28

---

[1] Kristin Woodlock, R.N., incorrectly named as "Woodlick" in Plaintiff's Complaint, was the prior Acting Commissioner of the New York State Office of Mental Health. (Mem. of Law in Supp. of State Def.'s Mot. at 1 n.1 (Dkt. 19).)

[2] Additionally, Plaintiff's application to proceed in forma pauperis ("IFP") currently remains pending. (See Mot. for Leave to Proceed IFP (Dkt. 8-1).) Plaintiff's request to proceed IFP is GRANTED.

1

C.F.R. § 35.130, by failing to provide Plaintiff with Assertive Community Treatment ("ACT") services or other compulsory outpatient services available under New York Hygiene Law § 9.60 ("Kendra's Law"), upon his assessment for involuntary psychiatric commitment. (Compl. (Dkt. 1).) Plaintiff also sought to represent a class and subclass of similarity situated individuals. (Id. ¶¶ 14-21.) The case was filed as related to Mental Disability Law Clinic v. Hogan, No. 12-CV-2605 (E.D.N.Y.) ("MDLC v. Hogan"), which asserted similar claims. (See Aug. 12, 2013, Ltr. (Dkt. 9) (letter from counsel explaining the basis for relation).) The court granted Defendants an extension of time to respond to the Complaint until October 4, 2013. (Aug. 16, 2013, Order; Sept. 30, 2013, Order.)

At a conference held September 11, 2013, regarding (i) Plaintiff's action, (ii) MDLC v. Hogan, and (iii) three additional related cases, the court granted limited discovery on the issue of the plaintiffs' standing. (See Gatto Decl. in Supp. of Cnty. Def.'s Mot. ("Gatto Decl.") (Dkt. 25) ¶ 11; Hogan Sept. 11, 2013, Min. Entry.[3]) Magistrate Judge Robert M. Levy ordered discovery on standing to be completed in the five cases by December 6, 2013, including: (i) depositions of the individual plaintiffs (including of Plaintiff), as well as (ii) the execution by individual plaintiffs of authorizations to release their medical records (including by Plaintiff). (See Hogan Sept. 17, 2013, Min. Entry; Gatto Decl. ¶ 12.) Defendants' time to respond to the Complaint was extended to a date to be set after the completion of such discovery. (Hogan Oct. 2, 2013, Ltr. (Hogan Dkt. 50); Hogan Jan. 8, 2014, Order.)

On October 4, 2013, the State Defendant noticed Plaintiff's deposition for November 8, 2013. (See Pastore Decl. in Supp. of State Def.'s Mot., Ex. 1 (Dkt. 18-1) at 1-2; Gatto Decl., Ex.

---

[3] Citations that begin with "Hogan" and/or reference "Hogan Dkt." are citations to the electronic case file of the related case, MDLC v. Hogan, No. 12-CV-2605 (E.D.N.Y.). All other citations to the record are citations to the Henry F. v. Woodlick, No. 13-CV-4261 (E.D.N.Y.), electronic case file.

A (Dkt. 25-1).) Counsel for both Defendants requested that the individual plaintiffs execute authorizations for release of their medical records. (Gatto Decl. ¶ 13.)

At a status conference held November 1, 2013, plaintiffs' counsel, a clinical program at Touro Law, stated that the clinic was having difficulty locating its clients, including Plaintiff Henry F.[4] (Hogan Nov. 1, 2013, Min. Entry; Gatto Decl. ¶ 15.) Accordingly, Judge Levy extended the time to complete depositions of individual plaintiffs to January 24, 2014, and scheduled a subsequent conference for January 30, 2014. (Hogan Nov. 1, 2013, Min. Entry; Gatto Decl. ¶ 15.) At the January 30, 2014, conference, plaintiffs' counsel represented that the clinic still had not been able to locate the individual plaintiffs. (Hogan Jan. 30, 2014, Min. Entry; Gatto Decl. ¶ 16.) Accordingly, Plaintiff has never appeared for a deposition; nor has Plaintiff provided the County Defendant with a medical record release authorization. (Gatto Decl. ¶ 17-18.)

Defendants' counsel noted their intention to move to dismiss the Complaint for failure to prosecute at the January 30, 2014, conference. (Hogan Jan. 30, 2014, Min. Entry.) On January 31, 2014, a proposed briefing schedule for Defendants' anticipated motions to dismiss was submitted to the court (Jan. 31, 2014, Ltr. (Dkt. 16)), and it was approved on February 3, 2014.[5] (Feb. 3, 2014, Order.) On April 29, 2014, the State Defendant filed its fully-briefed motion (Dkt. 17); the County Defendant filed its motion on May 1, 2014 (Dkt. 24).

Plaintiff's counsel submitted a brief letter response to Defendants' motions, dated April 10, 2014. (Resp. to State Def.'s Mot. (Dkt. 21); Resp. to Cnty. Def.'s Mot. (Dkt. 28).[6]) Counsel stated that the clinic had still been unable to contact Plaintiff. Specifically, counsel

---

[4] Plaintiffs in the five related actions were represented by common counsel.

[5] The court waived its usual pre-motion conference requirement. (Feb. 3, 2013, Order.)

[6] An identical letter was submitted in response to both motions, so the court will cite only to counsel's Response to State Defendant's Motion hereafter.

3

represented that "the telephone number Henry F. provided to the Clinic ha[d] been out of service" since November 1, 2013, and "remained so as of" the prior day, April 9, 2014. (Resp. to State Def.'s Mot. at 2.) Plaintiff had also failed to respond to letters that counsel had sent to his address, although they had not been returned. (Id.) Additionally, "[b]ecause of his serious health issues, Clinic staff [had] appeared at the address Henry F. provided to the Clinic, but received no response to the knock at the door or to the papers left at the doorstep." (Id.) In the absence of any instruction from Plaintiff, counsel indicated that the clinic was unable to take a position on the motion; however, counsel also noted that "given [Plaintiff's] mental health and medical conditions," "one may not assume from [his] actions . . . that [he] do[es] not wish to prosecute [his] case[]." (Id.) Since the filing of these motions in April and May of 2014, the court has received no notice of any change to this situation.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 41(b)

A district court may dismiss an action in the exercise of its sound discretion "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); see Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (noting abuse of discretion standard of review). Such dismissal may occur either on motion of defendant or by the court sua sponte. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); see also Lewis, 564 F.3d at 575 (noting the district court's "inherent power" "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases" (quoting Link, 370 U.S. at 630-31) (internal quotation marks omitted)). While dismissal is an appropriate remedy for failure to prosecute to avoid "undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," Link, 370 U.S. at 629-30, it is a "'harsh remedy' that should 'be utilized only in extreme

4

situations.'" Lewis, 564 at 576-77 (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Dismissal under this Rule is presumed to be with prejudice, unless the court expressly orders otherwise. Fed. R. Civ. P. 41(b); Hoffman v. Wisner Classic Mfg. Co., 927 F. Supp. 67, 71-72 (E.D.N.Y. 1996).

The Second Circuit instructs that a court deciding a motion to dismiss for failure to prosecute should consider five factors, namely: (1) the duration of the delay created by plaintiff's failure to prosecute; (2) whether plaintiff was given notice that further delay would result in dismissal; (3) whether defendant was likely to be prejudiced by further delay; (4) how the need to alleviate court calendar congestion weighs against plaintiff's right to his day in court; and (5) whether lesser sanctions would be efficacious. See Lewis, 564 F.3d at 576 (citing United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). "No one factor is dispositive," and in weighing the five factors, the court should consider the record of the entire case as a whole. See Drake, 375 F.3d at 254.

Consideration of these factors supports dismissal. First, the duration of delay weighs strongly in favor of dismissal, particularly given the nature of that delay. At the time Plaintiff's counsel submitted its response to these motions, Plaintiff's deposition had been noticed over six months prior, and Plaintiff had for at least five months failed to respond to counsel's repeated attempts to contact him by phone, letter, and personal visit. (Resp. to State Def.'s Mot. at 2.) To date, over a year has passed, and Plaintiff has lodged no opposition to this motion and made no attempt to resume the discovery process. This length of delay is significant and warrants dismissal. See Brow v. City of New York, 391 F. App'x 935, 936-37 (2d Cir. 2010) (summary order) (finding that delay of nearly six months supported dismissal); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 664 (2d Cir. 1980) (finding delay of six months, during which period the

plaintiff failed to comply with a court-ordered deadline and failed generally to move the case forward, to be sufficient justification for dismissal); Aguilar v. Kirschenbaum & Phillips, P.C., No. 11-CV-1085 (SJF), 2012 WL 1744852, at *3 (E.D.N.Y. May 15, 2012) (holding five months of delay to be sufficient grounds for dismissal); Sanders v. Does, No. 05-CV-7005 (RJS), 2008 WL 2117261, at *3 (S.D.N.Y. May 15, 2008) (finding that nine months of delay weighed in favor of dismissal). This conclusion is bolstered by the nature of the delay here. The issue of standing is "the threshold question in every federal case," Warth v. Seldin, 422 U.S. 490, 498 (1975); therefore, the inability to complete discovery as to Plaintiff's standing—and to contact Plaintiff at all—prevents this action from moving forward in any way. See Kent v. Scamardella, No. 07-CV-844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) ("Although three months is not necessarily a delay of 'significant duration,' . . . the delay here has functioned as a complete block to moving this litigation forward, despite the efforts of defendants and the Court to do so."); see also Chery v. Commc'n Workers-CWA 1104, No. 11-CV-0427 (SJF), 2012 WL 2061605, at *4 (E.D.N.Y. June 5, 2012) (noting that the "action cannot proceed at all unless the Court and defense counsel are able to contact plaintiff to, inter alia, arrange conferences, obtain discovery, serve motions and schedule trial"). Accordingly, this factor strongly favors dismissal.

Second, by at least January 30, 2014, Plaintiff was on notice, through counsel, that Defendants intended to move to dismiss his Complaint due to his failure to appear for his deposition.[7] (See Hogan Jan. 30, 2014, Min. Entry; Jan. 31, 2014, Ltr.) Since that time, more than nine months ago, there has been no indication that Plaintiff intends to resume participation in this action. Moreover, Plaintiff was given the opportunity to respond to these motions and did

---

[7] See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962) (noting that in "our system of representative litigation, . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney'" (quoting Smith v. Ayer, 101 U.S. 320, 236 (1880))).

not do so.[8] See Aybar v. City of New York, No. 13-CV-825 (KAM), 2014 WL 4417110, at *4 (E.D.N.Y. Sept. 8, 2014) (finding notice factor to weigh in favor of dismissal where defendant filed a letter requesting dismissal pursuant to Rule 41 and plaintiff did not respond). Any lack of actual notice by Plaintiff personally (versus through his counsel) is only due to his own failure to keep his counsel apprised of his current contact information (see Resp. to State Def.'s Mot. at 2), which is not excused. See Shim Cho v. Tomczyk, No. 05-CV-5570 (JFB), 2007 WL 3254294, at *2 (E.D.N.Y. Nov. 2, 2007) (noting that the "delays apparently are . . . a result of counsel's inability to contact his client" and that "plaintiff has a responsibility to provide proper contact information to his attorney so that his attorney can communicate with him and that delays in proceeding with this lawsuit can be avoided," and dismissing under Rule 41); see also Jeffrey v. City of New York, No. 06-CV-2917 (NGG), 2007 WL 3036749, at *2 (E.D.N.Y. Oct. 16, 2007) (holding that plaintiff's counsel's "failure to furnish [the court with] a current address is a factor that supports a dismissal with prejudice"). Accordingly, this factor supports dismissal.

Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982); see also Coats v. Dep't of Veteran Affairs, 268 F. App'x 125, 127 (2d Cir. 2008) (summary order) (same); Peters-Turnbull v. Bd. of Educ. of City of N.Y., 7 F. App'x 107, 110 (2d Cir. 2001) (summary order) (same).

---

[8] Accordingly, this case is distinguishable from Drake, 375 F.3d at 255, where the Second Circuit found that the notice factor weighed against dismissal because

> [t]he only actual notice Drake received was the court clerk's warning that the case would be dismissed unless Drake submitted a satisfactory explanation for his delay within 20 days. Relator responded by submitting not only an explanation, but also the final amended complaint within that time. Nonetheless, the case was dismissed.

Id. The Drake court found, under these circumstances, that this notice was not notice that further delay would lead to dismissal, which was what was required; instead, it was notice that the case would be dismissed due to past delay. Id. Notably, "the only thing plaintiff could have done differently to save his case after receiving the notice would have been to provide a better explanation for the past delay. Simply ending the delay . . . obviously was not enough." Id. Here, however, Plaintiff has taken no steps to end the delay in the more than nine months that have passed since his counsel received actual notice of the possibility of dismissal.

Here, the delay is unreasonable, for as long as counsel cannot communicate with Plaintiff, the delay will continue indefinitely. Plaintiff's action cannot proceed at all without the unobtained discovery. And as Plaintiff has provided no explanation for the delay or attempted to rebut the presumption of prejudice, and because there has been no suggestion that Defendants have contributed to the delay, prejudice to Defendants may be presumed. See Samonte v. Wanat, No. 13-CV-226 (MKB) (RLM), 2014 WL 1817605, at *6 (E.D.N.Y. May 6, 2014) (adopted report and recommendation); Aguilar, 2012 WL 1744852, at *4. Cf. Hunter v. N.Y. State Dep't of Corr. Servs., 515 F. App'x 40, 43 (2d Cir. 2013) (summary order) (declining to presume prejudice where record suggested that defendant had also delayed the action at times); Nolan v. Primagency, 344 F. App'x 693, 694 (2d Cir. 2009) (summary order) (discussing district court's determination that defendants had not been prejudiced by delay because defendants had also contributed thereto). Therefore, this factor also weighs in favor of dismissal.

Fourth, Plaintiff's delay does place a certain burden on the court's docket. It has required Magistrate Judge Levy to conduct additional conferences. (See Hogan Nov. 1, 2013, Min. Entry; Hogan Jan. 30, 2014, Min. Entry.) If this case were to progress, additional court involvement would be necessary to facilitate the completion of the standing discovery—and given Plaintiff's record in this matter, Judge Levy may be expected to allocate significant additional time to do so. Moreover, there is no indication at this time that counsel will be able to successfully contact Plaintiff in the future; therefore, absent dismissal, this case would likely stay dormant on the court's docket indefinitely. However, the court is extremely hesitant to find that its interest in conserving resources and in removing inactive cases from its docket outweighs Plaintiff's interest in his day in court. See Lucas v. Miles, 84 F.3d 532, 535-36 (2d Cir. 1996) ("There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be

heard is subrogated to the convenience of the court.") And while Plaintiff's failure to keep his counsel apprised of his current contact information or to respond to counsel's letters, telephone calls, and visits might suggest that he does not have great interest in pursuing his claims, it is not clear that Plaintiff's failure to respond to counsel's attempts to contact him is not related to his mental illness and/or medical conditions rather than to lack of interest. (See Resp. to State Def.'s Mot. at 2.) Therefore, this factor weighs against dismissal.

Finally, no sanction other than dismissal would be appropriate or effective in this case. Plaintiff's counsel's inability to locate Plaintiff, and the resulting stall in discovery, has put this action at a standstill. As discussed above, it is Plaintiff's responsibility to keep his counsel apprised of his current contact information. Shim Cho, 2007 WL 3254294, at *2. This case has remained dormant on the court's docket for over a year, and without the discovery at issue, the court cannot even address the threshold question of standing. There is no indication that Plaintiff ever intends to resume his communication with counsel and move the case forward.

In light of the record as a whole, and the fact that almost no progress has occurred in this action since its filing, dismissal is appropriate. However, also taking into consideration Plaintiff's asserted mental illness and medical conditions and the resulting uncertainty regarding (i) the underlying reasons for his lack of responsiveness, (ii) his desire to move forward with this action, and (iii) whether he personally (as opposed to through counsel) received any notice of the consequences of his conduct, the lesser sanction of dismissal without prejudice, rather than dismissal with prejudice, is appropriate here. See Lyell Theatre, 682 F.2d at 43 (noting that Rule 41(b) dismissal "may be without prejudice if so specified by the court imposing it" (citing Fed. R. Civ. P. 41(b))).

## B.     Federal Rule of Civil Procedure 37(d)

The County Defendant has also invoked Rule 37(d) as an alternative basis for dismissal, though it does not provide any related analysis. (See Cnty. Def.'s Not. of Mot.; Mem. of Law in Supp. of Cnty. Def.'s Mot. (Dkt. 29).) Rule 37(d) provides that a court may, on motion, sanction with dismissal a party who fails to attend her own deposition. See Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."); Fed. R. Civ. P. 37(b)(2)(A)(v) (authorizing "dismiss[al] [of] the action or proceeding in whole or in part"). A court's decision regarding whether to dismiss under Rule 37 is guided by similar factors to those that govern Rule 41(b) dismissal, plus the additional factor of the "willfulness of the noncompliant party or the reason for the noncompliance." See Samonte, 2014 WL 1817605, at *7-8; see also Banjo v. United States, No. 95-CV-633 (DLC), 1996 WL 426364, at *5 (S.D.N.Y. July 30, 2006).

"[T]here is little distinction whether the dismissal is technically made under Rule 41 or Rule 37." Peters-Turnbull, 7 F. App'x at 110; Aguilar v. Kirschenbaum & Phillips, P.C., No. 11-CV-1085 (SJF), 2012 WL 1744852, at *3 (E.D.N.Y. May 15, 2012) (same); see also Lyell Theatre, 682 F.2d at 42 (affirming a dismissal that was based on Rules 41 and 37 and finding no need to distinguish between the two grounds). However, dismissal under Rule 37 requires the court to find "willfulness, bad faith, or any fault" on the part of the party failing to comply with discovery. Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986). The court is reluctant to do so here—particularly with no briefing on the topic—where the possibility remains that Plaintiff's failure to remain in contact with his counsel and to appear for his deposition is the result of mental or physical illness, rather than willfulness or bad faith. In any event, dismissal under Rule 41(b) is more appropriate under the circumstances. See Myvett v. Rosato, No. 03-

CV-2379 (LAP) (GWG), 2004 WL 1354254, at *1 (S.D.N.Y. June 16, 2004) (report and recommendation) ("While the defendants have requested that this case be dismissed under Fed. R. Civ. P. 37, the unavailability of [plaintiff] makes it more appropriate to inquire whether the case should be dismissed for failure to prosecute."), adopted, No. 03-CV-2379 (S.D.N.Y. July 19, 2004), ECF No. 22.

### III. CONCLUSION

For the reasons discussed above, Defendants' motions are GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b). Additionally, Plaintiff's request to proceed in forma pauperis (Dkt. 8-1) is GRANTED, including for the purpose of any appeal from this Order. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November _10_, 2014

NICHOLAS G. GARAUFIS
United States District Judge